**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1549-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KENNETH BAYNE,

     Defendant-Appellant.

_____

          Submitted January 15, 2019 – Decided March 12, 2019

          Before Judges Suter and Geiger.

          On appeal from Superior Court of New Jersey, Law Division, Morris County, Indictment No. 11-04-0425.

          Joseph E. Krakora, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, on the brief).

          Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (John McNamara, Jr., Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kenneth Bayne appeals the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For reasons that follow, we affirm.

In 2010, defendant's cousin, E.T., disclosed to her school guidance counselor that defendant sexually abused her for several years when she was younger than thirteen. N.T., who was E.T.'s younger sister, also disclosed to a caseworker with the Division of Youth and Family Services that defendant had sexually abused her on multiple occasions when she was less than thirteen.

After defendant's arrest, he waived indictment and was charged in a twenty-nine count accusation with multiple counts of aggravated sexual assault, sexual assault and endangering the welfare of children. In a negotiated agreement, he pleaded guilty to six counts, which included: first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1) (victim N.T.); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1) (victim E.T.); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b) (victim N.T.); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (victim E.T.); and second-degree sexual assault, N.J.S.A. 2C:14-2(b) (victim E.T.). The State agreed to recommend a maximum aggregate sentence of twenty-years imprisonment and to dismiss the other counts.

2

The sentencing judge found aggravating factors two (gravity of harm), three (risk of re-offense), four (violation of public trust) and nine (need for deterrence)[1] and mitigating factor seven (no prior criminal history),[2] but gave more weight to the aggravating factors. Defendant was sentenced in accordance with the plea agreement to an aggregate twenty-year term at the Adult Diagnostic and Treatment Center (Avenel) for sexual offenders with an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He also was sentenced to parole supervision for life (PSL), N.J.S.A. 2C:43-6.4, the requirement to register as a Megan's Law offender, N.J.S.A. 2C:7-1 to -19, a period of parole supervision after release, mandatory fines and penalties, and no contact with the victims.

Defendant's motion for reconsideration of his sentence was denied. Defendant did not file a direct appeal from his convictions or sentence.

Defendant filed a timely pro se PCR petition alleging ineffective assistance of counsel. He claimed there was a lack of pre-trial investigation by his attorney, who he said did not "properly meet with [him] to prepare for trial" and then spoke with his stepfather about the case without his consent. His trial

___

[1] N.J.S.A. 2C:44-1(a)(1), (2), (3) and (9).

[2] N.J.S.A. 2C:44-1(b)(7).

attorney never visited him in the county jail and their conversations were brief. He failed to file a motion to suppress a statement defendant gave to the police when he was arrested. Defendant claimed he was under duress when he admitted to the crimes at the plea hearing. He argued his trial counsel should have asked the judge at sentencing to consider additional mitigating factors based on his claim he was subjected as a child to "covert incest,"[3] that he said could have explained his sexual behavior. Defendant argued the mitigating and aggravating factors should have balanced out, allowing for a more appropriate plea bargain. Defendant's attorney did not take testimony from any character witnesses, but he did submit their letters to the court. Defendant claimed a report from Dr. Jeffrey Singer, who evaluated defendant, was not presented to the court at his

---

[3] The term is not defined in the most recent version of Stedman's Medical Dictionary. Defendant relies on a publication by Dr. Kenneth Adams. See Kenneth Adams, Silently Seduced: When Parents Make Their Children Partners (1987). He described covert incest as "when a child becomes the object of a parent's affection, love, passion, and preoccupation. The parent, motivated by the loneliness and emptiness created by a chronically troubled marriage or relationship, makes the child a surrogate partner." Ibid. He further explained that in those cases, "the boundary between caring and incestuous love is crossed when the child exists to meet the needs of the parent rather than the child." Ibid. Dr. Adams has also described "classic covert incest" as "not having any overt sexual touching" but having a "sexual element." Robert Weiss, Understanding Covert Incest: An Interview With Kenneth Adams, Psychology Today (Oct. 13, 2015), https://www.psychologytoday.com/us/blog/love-and-sex-in-the-digital-age/201510/understanding-covert-incest-interview-kenneth-adams.

sentencing. Taking all this together, defendant argued he had shown a prima facie case of ineffective assistance.

Defendant's PCR counsel confirmed that Dr. Singer's report was not submitted to the sentencing judge but argued it had relevance because it confirmed defendant was "amenable to rehabilitation and [was] a low-risk offender." However, the report did not say defendant was the victim of sexual abuse or mention covert incest.

The PCR judge denied defendant's petition. In his written statement of reasons, the PCR court noted that defendant raised a number of issues in his PCR petition: he should obtain relief from certain penalties because of his indigence; the sentencing judge erred in evaluating aggravating and mitigating factors and by imposing consecutive sentences; and his counsel was ineffective by not investigating defendant's past history of sexual abuse and failing to move to suppress defendant's statement to the police. The PCR court held that defendant was barred by Rule 3:22-4(a) from raising issues in his PCR petition about his sentencing that could have been raised in a direct appeal, but were not. It rejected defendant's claim of ineffective assistance and declined to conduct an evidentiary hearing. Defendant did not report any history of sexual abuse. In the presentencing examination report defendant referred to his mother as

"loving, emotional" and his stepfather as "supportive and logical." Although defendant claimed to have been "overexposed" to sex as a youth, he did not explain the nature of that exposure. Dr. Singer's report did not mention any sexual abuse of defendant or support defendant's claim that abandonment or covert incest affected his conduct. He did not submit any evidence of these claims, nor did he submit any expert reports.

The PCR court rejected defendant's claim that his trial counsel did not meet with him; at his plea hearing, defendant said he and counsel had a sufficient opportunity to review discovery. Defendant's statement to the police was provided after defendant was given his Miranda[4] rights and he signed the waiver form. There was no evidence the statement was involuntary.

Defendant presents the following issues for our consideration in his appeal:

POINT I

> THE LOWER COURT ERRED IN FINDING THAT THE PETITIONER HAD EFFECTIVE REPRESENTATION DURING SENTENCING AND THEREBY FAILED TO MAKE A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

---

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

A-1549-17T4

POINT II

> BECAUSE THE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

We are not persuaded by these arguments and affirm.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (l987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet a two-prong test by establishing that: (l) counsel's performance was deficient and the errors made were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In the plea bargain context, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial,'" State v. Gaitan, 209 N.J. 339,

7

351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)), and that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Defendant's sole argument[5] on appeal is that his counsel was ineffective by not investigating and retaining an expert witness to explain that defendant's conduct was influenced by his alleged abandonment and the covert incest he claims he experienced. Defendant contends that if this evidence were developed, his counsel could have argued at sentencing for additional mitigating factors that then could have resulted in a lower sentence.

"'[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of

---

[5] Defendant abandoned any other claims in his PCR petition by not addressing them in his appellate brief. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (citing Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) and Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019). Even if we were to consider the other claims, defendant is precluded from raising an issue in his PCR petition that could have been raised on direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997). As explained by the Court in McQuaid, "[a] defendant ordinarily must pursue relief by direct appeal, see R. 3:22-3, and may not use post-conviction relief to assert a new claim that could have been raised on direct appeal." Ibid. Defendant's other issues about sentencing could have been raised on direct appeal.

the affiant or the person making the certification.'" State v. Porter, 216 N.J. 343, 353 (2013) (alteration in original) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). Defendant's allegations are supported only by self-serving assertions and bare allegations. See Cummings, 321 N.J. Super. at 170 (to establish a prima facie case, more than bald assertions of ineffective assistance of counsel are required).

Defendant presented no evidence to the PCR court that supported his claim about his trial counsel's lack of investigation. He had no expert who certified to, or was prepared to testify about, his claim that abandonment and covert incest affected his conduct. Dr. Singer's report noted that defendant's background was psychologically complex and his father abandoned the family, but the report did not mention covert incest. It also noted that he had no history of sexual abuse, did not suffer from any major mental illness and that his stepfather remained a major support for him. In the presentence report, defendant denied having been sexually abused.

Defendant is speculating that the court would have mitigated his sentence but for counsel's errors. He never alleges that he would have proceeded to trial in this case but for his counsel's alleged failures.

9

We are satisfied that defendant did not show his attorney's conduct was unreasonable under prevailing professional norms. Strickland, 466 U.S. at 688. He did not show the proceeding would have been different because he has yet to show proof of the claims he is asserting.

We agree with the PCR court that defendant failed to show a prima facie case of ineffective assistance within the Strickland/Fritz test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 463-64 (1992).

Defendant's further arguments are without sufficient merit to warrant a further discussion in this written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION